J. C. GILLESPIE & Co. *v.* J. C. STANTON *et al.*

MECHANIC'S LIEN. Complainants sold lumber to the A. & C. R. R. Co., of which S. was the agent and superintendent. S. used a part of the lumber thus sold in building houses on his land: *Held*, that the Railroad Company failing to pay for the lumber, complainant had no mechanic's lien on S.'s land to secure the payment for the same.

Code cited: Secs. 1981 and 1981*a*.

FROM HAMILTON.

No record found.

NICHOLSON, C. J., delivered the opinion of the court.

Complainants were lumber dealers in Chattanooga, and, as such furnished large amounts of lumber to the

Gillespie *v.* Stanton.

Alabama and Chattanoga Railroad Company, then en-
gaged in the construction of their road, bridges, depot
houses, etc.    J. C. Stanton was the superintendent of
the company, and was engaged in erecting a large
hotel, a roundhouse, and other buildings, on a lot of
ground of sixty-nine acres, to which he held an equit-
able title, a large portion of the purchase money being
unpaid.    A portion of the lumber furnished to the
Railroad Company, and for which complainants hold
the bills and notes of the company, was used in the
construction of the hotel and other buildings situated on
the lot belonging to Stanton.    This was done with
the knowledge, acquiescence and procurement of Stan-
ton.    No contract, however, was made with Stanton
by complainants as to the lumber used on his build-
ings, but all the lumber was furnished, and charged
to, and settled for with the Railroad Company, by
taking their bills and notes, which still remain due
and unpaid.    No written or verbal notice was given to
the Railroad Company or to Stanton that a lien was
claimed by complainants on the property, as provided
by statute.    The bill is filed, upon the facts stated,
against the Railroad Company and Stanton, to enforce
the lien given by the statute to persons furnishing
lumber and other materials for building purposes; and
for its enforcement an attachment was levied on the
property of Stanton on which the lumber was used.

The bill was demurred to by Stanton, and his de-
murrer overruled.    He afterwards answered, and upon
the hearing the chancellor dismissed complainant's bill,
being of opinion that complainants are not entitled to

any relief against any of the defendants. Complainants have appealed to this court.

The first question presented is, whether Stanton's demurrer was properly overruled. Among his causes of demurrer was the following: "The bill shows that the contract to furnish materials was made with the Alabama and Chattanooga Railroad Company, and not with respondent; that said company was the legal or equitable owner of the land attached, and do not allege any legal or sufficient notice of an intention to rely upon the mechanic's lien before the material was furnished, or at any other time." The statute confers upon the mechanic, undertaker, or furnisher of materials in building, ihe right to a lien on the property in those cases in which a special contract has been made with the owners or his agent. Code, secs. 1981 and 1981*a*. It is not alleged in the bill that the preliminary step required by the statute to fix a lien, to-wit: a special contract with the owner or his agent was taken. The contract alleged was with the Railroad Company as principal, and not as agent of Stanton, and the entire credit was given to the company. The lumber was sold generally to the company, not to be used on any specific building, and the bills and notes of the company taken as evidences of its indebtness.

Upon these facts alone it is clear that complainants had no lien on the property of Stanton. But it is argued that as Stanton was cognizant of the purchases of the lumber by the company, being its general superintendent, and stood by and saw it used

in constructing buildings on his own land, and even procured it to be so used, upon broad principles of equity he is estopped from disputing his liability for the price of the lumber so used. If this was conceded, it would not follow that complainants thereby acquired any lien on Stanton's land. They might have a claim against him personally, which he could not dispute, but which could only be enforced by the ordinary legal proceedings. The facts which might fix upon him the liability could not, by any known principles of law or equity, constitute a lien to be enforced by attachment against his land. It is only through the statutory lien, as against the company, that complainants seek to secure satisfaction out of Stanton's land, but they have failed to show that they had fixed any lien against Stanton's land. After selling and furnishing the lumber to the company, without reserving or fixing any lien on it. Stanton or any one else might levy or appropriate the lumber, without increasing any liability to complainants. It then becomes a matter of adjustment exclusively between Stanton and the company, whose lumber he has bought or appropriated.

We know of no principle of equity which would enable complainants, in such case, to make Stanton personally liable, much less to enable them to reach his land in satisfaction of their claim against the company.

We are, therefore, of opinion that the chancellor erred in overruling the demurrer, but the same should have been sustained. But upon overruling the de-

murrer Stanton was permitted to defend by answer, in which he makes the same defense relied on in the demurrer, and the proof in the cause made no case different from that made in the bill. The decree on the final hearing was therefore correct.

In the view we have taken of the case the questions as to the bankruptcy of the Railroad Company, which have been alluded to in argument, even if they were properly presented by the record, can have no bearing upon the case, and therefore need not be noticed.

The decree dismissing the bill will be affirmed with costs.